UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYER DIVISION

FILED
2022 JUL -5 PM 1:49
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

MARIO GODHIGH# M28779

vs.

J. MARSHALL P. KADAVY,
AND J. CHAVARRIA.

Legal Mail
Provided to Florida State Prison on ___ for mailing by ___

2:22CV401JLB-NPM

## CIVIL RIGHTS COMPLAINT

PURSUANT to 42 U.S.C. 1983, Plaintiff Mario Godhigh. Pro Se, Come In Proper person and respectfully ask this Court to Accept Jurisdiction.

1. Parties to this Complaint
A. Plaintiff: Mario Godhigh.
Florida State Prison P.O. Box 800, Raiford, Florida 32083.

B. Defendants
1) Officer J. Marshall, Employed AT. Charlotte C.I., 33955 Oil Well Road, Punta Gorda, FL. 33955.

Is Being sued individual and official capacity

2. Lieutenant P. Kadavy, Employed at Charlotte C.I., 33955 Oil Well Road, Punta Gorda, FL.

Is Being sued individual and official capacity

3. Lieutenant J. Chavarria, Employed at Charlotte C.I., 33955 Oil Well Road, Punta Gorda, FL.

Is Being sued individual and official capacity

1

# Table of Citations

Cite.

<u>United States Constitutional Amendment</u>                                        <u>Page.</u>

8th Amendment

14th Amendment

1st Amendment


<u>Florida Administrative Code</u>

Ch. 33-208.002. (8), (12), (14), and (19)


<u>Federal Case Law</u>

311 F.3d. 105

316 F.3d. 257

461 U.S. 30. 103 S. Ct. 1625


<u>Administrative Rules And Regulations Case Law</u>

*Ester vs. Principi*, 250 F.3d 1068 7th (Cir.2001)


<u>Pro Se Litigant</u>

*Haines vs. Kerner*, 404, U.S., 519, 92, S. Ct. 549 30L. E. d. 2d. 652 (1972)


<u>Retaliation</u>

*Fogle vs Pierson,* 435 F.3d. 1252 (10th Cir. 2006)

*Keenan vs. Tejeda*, 290 F.3d. 252 (5th Cir. 2002)

*Powell vs. Alexander*, 391 F.3d 1 (1st Cir. 2004)

*Rhodes vs. Robinson*, 408 F.3d 559 (9th Cir. 2005)


Under Color of State Law

*Lugar vs. Edmondson Oil Co.*, 457 U.S. 922, 93 (1982)

*Screws vs. U.S.,* 325 U.S. 91-93 S. Ct.

## Table of Citations (cont'd)

<u>Cite</u>

U.S.C.A. Amendment 8th.

Perkins v. Kansas Dep't of Corr. 165 F. 3d. 803 (10th Cir. 1999).

Thompson v. Opeiu, 74 F. 3d. 1492 (6th Cir. 1996).

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. 1983 Plaintiff is suing officials that acted under color of law and knowingly and willingly deprived the Plaintiff of his United States Constitutional Rights to be free from cruel and unusual punishment. Amendment(s). 8th, 14th Amendments at the same time violated Florida Administrative Ch. 33-208.002. (8),(12), (14) and (19). At all times relevant I was incarcerated, as a convicted state prisoner.

## III. STATEMENT OF FACTS

1) On 5/20/21, Plaintiff got into a verbal exchange with Officer Marshall, in which ended in Officer Marshall searched my cell and left it, with all my property thrown around the cell. When I returned to my cell I asked why my property was all over the place, Officer Marshall told me to quit being disorderly and clean your cell. I requested to speak to the lieutenant.

2) Officer Marshall returned to my cell Y-1108 Low, roughly 15 minutes later and tells me to "Pack my shit he's placing me on strip". Lt. Kadavy comes to my cell (1/-1108 Low) with a camera and I was taken to the shower where I was stripped.

3) At lunch (Noon meal) Officer Marshall gave me a lunch tray with no food on it otherwise known as an airtray. I asked Officer Marshall where the food is at and told me to quit being disorderly.

4) Officer Marshall chained my door to cell (1/ 1108 Low) and at approx. 12:30 pm. Officer Marshall,

3

Lieutenant P. Kadavy. And Lieutenant J. Chavarria come to my cell door Lieutenant J. Chavarria sprayed me with 3 prolonged bursts of chemical agents.

5) They left me in the cell for a long time covered in chemicla agents choking and burning. I was taken to shower for cold water shower after which I was placed back into the same cell was still covered with chemical agents as it was not cleaned and it caused my skin and eyes to continue to burn for days.

## IV   STATEMENT OF CLAIMS

1) Defendant Officer J. Marshall violated Florida Administrative Code Ch. 33-208.002, as well as my 8th and 14th Amendments of the United States Constitution, when he made false reports that plaintiff was being willfully and knowingly served me an air tray, and participated in plaintiff not only having chemical agents sprayed on him but also not having cell Y-1108 Low cleaned before I was put back into it which constitutes cruel and unusual punishment. It constitutes retaliation, over a verbal altercation in which defendant violated plaintiff's 1st Amendment Right to free speech. 250 F.3d. 1062, 290 F.3d 252; 316 F.3d 257; 391 F.3d 1408 F.3d 559; 435 F.3d 1252; 325 U.S. 91; 92, 93 S. Ct 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed.2d 652, 468 U.S. 517, 104 S. Ct 1062; 290 F.3d 3194,60 L. Ed.2d. 447; 165 F.3d 803; 264 F.3d 86; 311 F.3d 105; 589 F.3d 887; 257 F.3d 1072; 457 U.S.; 922, 937__ S. Ct__ L. Ed; 461 U.S. 30/ 103 S. Ct. 1625; 75 L. Ed, 75 L. Ed.2d 632; 74 F.3d.

## CONTINUE STATEMENT OF CLAIMS

2) Defendant Lt, P. Kadavy violated Florida Administrative Code Ch. 33-208.002, as well as my 8th and 14th U.S.C.A. rights when he willfully and conspired with Officer J. Marshall and Lt. Chavarria to deny me food, spray me with chemical agents for (excessive use of force), and to put me back in the cell having

4

not cleaned it after chemicals were administered as further cruel and unusual punishment and further retaliation over verbal altercation with Officer Marshall in which violated plaintiff's freedom of speech.

3) Defendant Lt. Chavarria violated F.A.C. Ch. 33-208.002. as well as my 8th and 14th U.S.C.A. rights when he willfully and knowingly conspired with Officer J. Marshall and Lt. P. Kadavy to falsify documentation, use excessive force as there was no cause for action using 3-prolonged bursts of chemical agents, denying me food and putting me back into a cell with chemical agents still all over the cell as it was never cleaned, causing further pain and mental anguish.

## CONCLUSION

All 3 defendants acted under, color of state law sadistically and maliciously to cause the plaintiff physical pain of chemical agents that even after a cold shower burns and skin exposed to the chemical as well as irritating the eyes and other sensitive areas for 72 hours, but more so, because the cell was not cleaned so the plaintiff's body was continuously exposed to these chemical agents as part of the cruel and unusual punishment from excessive use of force. Plaintiff's mental tranquility was utterly destroyed by these defendants. Knowing that theses correctional officers signed and agreed to an oath that they all knowingly and willfully violated for their own sadistic pleasure. The Plaintiff has lost much sleep and has become very paranoid and is currently an a transitional care unit as a mental health patient that was diagnosed with PTSD due to these defendants and their sadistic game of excessive force, chemical agent and the belief that they are above the law and nothing has been done to take responsibility for their actions. The 3 Defendants violated Ch. 33-208.002. F.A.C. the rules they swore to uphold. They violated the plaintiff's U.S. Constitutional Rights because they do not respect the laws 1st, 8th, and 14th. In *Ester* the standard of review is that all correctional officers will be familiar with and follow all administrative rules and regulations. In *Lugar* and *Screws* as they act under color of law they must also be held accountable for

5

breaking the rules and laws.

In *Fogul Kenan Powell* and *Rhodes* it is against the Constitution for any one acting as a state agent to retaliate against anyone for exercising their Constitutional Rights or for any other reason as retaliation as against the law and natural laws of human decency.

In *U.S. vs. Landham* the plaintiff's rights to freedom of speech is protected under the U.S.C.A. 1st Amendment and when violated the plaintiff has a right to be awarded compensation for redress.

In *Perkins* and *Thompson* the Plaintiff is entitled to receive exemplary and punitive damages for emotional distress and psychological pain.

## RELIEF REQUESTED

The plaintiff respectfully request exemplary punitive damages and to be reimbursed for any and all expenses the plaintiff incurs in combination of any fillings in this cause.

The plaintiff seeks exemplary damages in the amount of $20,000.00 (Twenty thousand dollars and zero cents). Per defendant for redress of physical pain and violation(s) of the plaintiff's basic human rights.

The plaintiff seeks punitive damages in the amount of $100,000.00 (One hundred thousand dollars and zero cents). per defendants for redress of physical and mental anguish, embarrassment, and total loss of mental tranquility as plaintiff is now diagnosed with PTSD and the defendants believe they are above the law and that this court or any court will not hold them responsible for their actions the defendants blatant show of disrespect toward the rules and laws that govern our society should be addressed and will make an example to all of society in a whole that the 11th Circuit will not sit down but will stand up and defend against constitutional violators.

## Certificate of Service

I certify and declare under penalty of perjury that this document was sent to Risk Management, 201 E. Gains Street, Tallahassee, Florida 32399. This day 29 day of JUNE 2022, by U.S. Mail.

*Mario Bodhigh*